NO. 22-1908

In The

# United States Court of Appeals
### for the Fourth Circuit

**RUDOLPH CAREY III,**

*Plaintiff–Appellant,*

*v.*

**NELSON SMITH, in his official capacity as Commissioner of the Virginia Department of Behavioral Health and Developmental Services,**

*Defendant–Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA AT ALEXANDRIA

———————

**JOINT SUGGESTION OF MOOTNESS**

———————

Having conferred, the parties jointly suggest that this case has become moot during appeal. They jointly ask that the Court vacate the opinions and judgment of the court below and remand with instructions to dismiss the case as moot. *See United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950).

## BACKGROUND

This case was a constitutional challenge to a Virginia law that provides that licensed providers of behavioral health and developmental services may not hire for a "direct care" position a person who has been convicted of a "barrier crime," unless an exception is met. Va. Code § 37.2-416(B)(1); *see also id.* § 37.2-416(D) (person is excepted from the statute if he has been granted a simple pardon, 10 years have elapsed since the conviction, and the hiring provider conducts a screening assessment). One such person was Plaintiff–Appellant Rudy Carey. In 2018, he was told by the Department of Behavioral Health and Developmental Services that he could not legally continue working as a substance-abuse counselor because of a 2004 conviction. In response, Mr. Carey brought this lawsuit and alleged that the limitation on

his ability to work violated his constitutional rights to substantive due process and the equal protection of the laws. (JA 007.)

The Department moved to dismiss for both lack of subject-matter jurisdiction and for failure to state a claim. The district court agreed that it lacked jurisdiction and entered several related orders. Most important, it held that Mr. Carey lacked standing and his claims were not ripe because "there is no indication that [Mr. Carey] has sought and been denied a pardon." Ex. 1 at 4–6. Mr. Carey moved for reconsideration. The district court issued an order holding the motion in abeyance; it later issued an order denying reconsideration. *See generally* Exs. 2, 3.

Mr. Carey appealed, and the parties fully briefed whether federal jurisdiction required a pardon denial. Oral argument is scheduled for October 26.

Last week, however, Mr. Carey was informed that Virginia's governor has now granted him a pardon. Ex. 4. He is thus no longer subject to the portion of the statute which he was challenging. Instead, he can return to

substance-abuse counseling if he passes a discretionary screening that he is not now challenging.

## ARGUMENT

This appeal concerned whether Mr. Carey had standing when, in the district court's view, he had "yet to secure a final decision about his eligibility." Ex. 1 at 6. Now that Mr. Carey has been pardoned, however, he can proceed with attempting to meet the exception that would allow him to work as a substance abuse counselor despite his prior conviction. Both sides thus believe there is no longer a live dispute.

The "customary practice when a case is rendered moot on appeal is to vacate the moot aspects of the lower court's judgment." *Catawba Riverkeeper Found. v. N.C. Dep't of Transp.*, 843 F.3d 583, 589 (4th Cir. 2016). *See also, e.g., Eden, LLC v. Justice*, 36 F.4th 166, 172 (4th Cir. 2022); *Hirschfeld v. ATF*, 14 F.4th 322, 327 (4th Cir. 2021). That is appropriate here when the case was mooted not by Mr. Carey as a losing party, but by the independent "happenstance" of a gubernatorial pardon. *Hirschfeld*, 14 F.4th at 328. *See also Blount v. Clarke*,

890 F.3d 456, 461–63 (4th Cir. 2018) (vacating orders rendered moot by pardon).

## CONCLUSION

The parties ask that this Court vacate the attached opinions and the judgment of the district court and remand with instructions that the case be dismissed as moot.

Dated: September 15, 2023.

Respectfully submitted,

/s/ Andrew Ward
Andrew Ward (NY Bar No. 5364393)
Michael Greenberg (DC Bar No. 1723725)
INSTITUTE FOR JUSTICE
901 North Glebe Road, Suite 900
Arlington, VA 22203
Tel: (703) 682-9320
Email: ahward@ij.org
        mgreenberg@ij.org

*Counsel for Plaintiff–Appellant*

/s/ Andrew N. Ferguson (by consent)
Andrew N. Ferguson
Erika L. Maley
Kevin M. Gallagher
M. Jordan Minot
OFFICE OF THE ATTORNEY
GENERAL OF VIRGINIA
202 North 9th Street
Richmond, Virginia 23219
Tel: (804) 371-2267
Email: aferguson@oag.state.va.us
          emaley@oag.state.va.us
          kgallagher@oag.state.va.us
          mminot@oag.state.va.us

*Counsel for Defendant–Appellee*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 586 words. This motion complies with the type-style requirements because it was prepared using Microsoft Word 365 in 14-point Palatino Linotype, a proportionally spaced typeface.

Dated: September 15, 2023.

/s/ Andrew Ward
Andrew Ward
*Counsel for Plaintiff–Appellant*

*Rudolph Carey III v. Nelson Smith*
No. 22-1908

# EXHIBIT 1

District Court Order Granting Defendant's
Motion to Dismiss

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

|  |  |
|---|---|
| RUDOLPH CAREY III,        ) <br>          *Plaintiff*,   ) <br>     v.            ) <br>            ) <br> ALISON LAND, IN HER OFFICIAL CAPACITY AS   ) <br> COMMISSIONER OF THE VIRGINIA      ) <br> DEPARTMENT OF BEHAVIORAL HEALTH AND   ) <br> DEVELOPMENTAL SERVICES,        ) <br>           *Defendant*.   ) | Civil Action No. 1:21-cv-01090 <br> Hon. Liam O'Grady |

## ORDER

This matter comes before the Court on the Motion to Dismiss filed by Defendant Alison Land in her official capacity as Commissioner of the Virginia Department of Behavioral Health and Developmental Services. Dkt. 13. Defendant seeks to dismiss Plaintiff Rudolph Carey's Complaint, Dkt. 1, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons that follow, Defendant's Motion to Dismiss, Dkt. 13, is **GRANTED** under Federal Rule of Civil Procedure 12(b)(1).

## I. BACKGROUND

Plaintiff Rudolph Carey III brings this Complaint as a Fourteenth Amendment challenge to a Virginia statute preventing people with convictions for any of more than 100 "barrier crimes" from working as substance-abuse counselors. Plaintiff argues that there is no rational basis for this prohibition. Dkt. 1 at 2. He seeks a judgment declaring Virginia's ban unconstitutional, enjoining its application, and allowing him the chance to resume work in his prior and preferred profession as a substance-abuse counselor. *Id.*

In the 1990s and early 2000s, Plaintiff abused alcohol and drugs and had a criminal history. He was convicted of theft and driving on a suspended license several times and spent about three years in prison for those offenses. *Id*. at 4. In December 2004, Plaintiff was convicted of driving on a suspended license, forging a public record, and assault and battery on a law enforcement officer. Upon his release from prison in 2007, Plaintiff decided to get clean and change his life. Since then, he has not been convicted of any crimes and states that he has not used illegal drugs. *Id*. at 4-5.

Plaintiff began working as a substance-abuse counselor in October 2013, helping others to get clean as he himself did. He completed 2,000 hours of supervised substance-abuse counseling and had caseloads as high as 60 clients. He received praise from his supervisor and even won a counselor of the year award. *Id*. at 6.

However, in 2018, another rehabilitation facility bought out Plaintiff's employer and reviewed its legal obligations. It discovered that Plaintiff was ineligible to work as a substance-abuse counselor and terminated his employment. Under Virginia law, with limited exceptions, if a prospective employee has ever been convicted of any of 176 "barrier crimes," the prospective employee is ineligible to work in a "direct-care" position. The 176 barrier crimes range widely and include both felonies and misdemeanor. Plaintiff's 2004 conviction of assault and battery on an official is a barrier crime, and his work as a substance-abuse counselor is a direct-care position. *Id*. at 8; *see also* Va. Code § 37.2-416(B)(1), (B)(4), and (K).

Notably, there is an exception to this ban. An individual convicted of not more than one felony assault and battery against a law enforcement officer in violation of Virginia Code § 18.2-57(C) may be hired in a direct care position if he (1) is granted a pardon, (2) more than 10 years have elapsed since the conviction, and (3) "the hiring provider determines, based upon a

screening assessment, that the criminal behavior was substantially related to the applicant's substance abuse and that the person has been successfully rehabilitated and is not a risk to individuals receiving services based on [the individual's] criminal history background and […] substance abuse history." Va. Code § 37.2-416(D); *see* Dkt. 14 at 5-6. Plaintiff is ineligible for this exception at this time because he has not been pardoned. *Id.* at 6. Notably, while Plaintiff alleges that he has not been pardoned, he does not allege that he has sought and been denied a pardon. *Id.* at 10.

Plaintiff now brings this civil rights action under the Fourteenth Amendment to the United States Constitution; the Civil Rights Act of 1871, 42 U.S.C. § 1983; and the Declaratory Judgment Act, 28 U.S.C. § 2201. Dkt. 1 at 3.

Defendant's Motion to Dismiss argues, *inter alia*, that Plaintiff's Complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(1) because Plaintiff lacks standing and because his claims are not ripe. Dkt. 14 at 8-12. Defendant further argues that Plaintiff fails to allege an equal protection claim, and that his Complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

Because the Court finds that Plaintiff lacks standing and his claims are not ripe for review under Federal Rule of Civil Procedure 12(b)(1), the Court will not proceed to the second step of analysis regarding whether Plaintiff failed to allege an equal protection claim under Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert the defense of lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Court must dismiss a case where the Court finds that subject matter jurisdiction is lacking. *Arbaugh v. Y & H Corp.*, 546 U.S. 500,

514 (2006). A Plaintiff bears the burden of proving that subject matter jurisdiction is proper.

*United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009).

### III. DISCUSSION

In the Motion to Dismiss, Defendant argues that Plaintiff lacks standing to bring this lawsuit and that Plaintiff's claims are not ripe. Dkt. 14 at 2.

To satisfy Article III's standing requirements, "a plaintiff must show (1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).

Furthermore, "[a] case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties." *Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006) (internal citations omitted). "A claim should be dismissed as unripe if the plaintiff has not yet suffered injury and any future impact 'remains wholly speculative.'" *Doe v. Va. Dep't of State Police*, 713 F.3d 745, 758 (4th Cir. 2013) (citing *Gasner v. Bd. of Supervisors*, 103 F.3d 351, 361 (4th Cir. 1996)).

In *Doe v. Virginia Department of State Police*, the Fourth Circuit considered a case in which Plaintiff Doe brought a § 1983 action challenging Virginia state statues that, together, reclassified her as a sexually-violent offender and prevented her from entering grounds of school or daycare without first gaining permission of both the state court and the subject school. *Va. Dep't of State Police*, 713 F.3d at 750. The Fourth Circuit reasoned that because "these consequences do not affect [Plaintiff] with finality, as she has not taken any of the steps

4

necessary to access those properties... any injury... remains hypothetical." *Id.* at 754. The Court held that, because Plaintiff had not attempted to undertake the requisite steps to access these properties by seeking permission from the state court and subject school, her claims were not justiciable. *Id.* at 750.

The same reasoning applies here. Plaintiff notes that he could work in a direct care position as a substance-abuse counselor by obtaining a pardon and successfully completing a screening assessment. Dkt. 1 at 8. There is no indication that Plaintiff has sought and been denied a pardon. Dkt. 14 at 10. Given this, the consequences of Virginia Code § 37.2-416(B)(1), (B)(4), and (K) do not affect plaintiff with finality and his injury "remains hypothetical." *Va. Dep't of State Police*, 713 F.3d at 754.

This case is notably distinguishable from the primary cases relied upon by Plaintiff: *Knick v. Township of Scott*, 139 S. Ct. 2162 (2019) and the recent *Pakdel v. City and County of San Francisco*, 141 S. Ct. 2226 (2021). Although *Pakdel* emphasizes "'the settled rule' that 'exhaustion of state remedies is *not* a prerequisite to an action under ... § 1983,'" *Pakdel*, 141 S. Ct. at 2230, the Supreme Court's holdings in both cases relate to actions brought under the Fifth Amendment Takings Clause. Moreover, the *Pakdel* Court itself notes that a "plaintiff's failure to properly pursue administrative procedures may render a claim unripe *if* avenues still remain for the government to clarify or change its decision..." *Pakdel*, 141 S. Ct. at 2231.

Defendant states in her reply that she is not asking this Court to make a ruling at odds with *Pakdel*, but rather notes the difference between the finality requirement and traditional administrative exhaustion. Dkt. 18 at 7. In her *Virginia Deparmtnet of State Police* concurrence, Judge Keenan makes the same argument. She writes:

> "There is a clear distinction between the requirement that administrative remedies be exhausted and the requirement that a challenged action be final before it is judicially

reviewable… Doe is not required to seek a determination in a Virginia forum that her rights were violated before filing a § 1983 action in federal court… Doe is required, however, to petition a Virginia circuit court and the local school board, in their capacities as 'initial decisionmaker[s],' to determine whether and under what conditions she will be granted access to school property." *Va. Dep't of State Police*, 713 F.3d at 762-63 (Keenan, J., concurring).

The same reasoning applies to Plaintiff's case here. Although Plaintiff need not exhaust state remedies prior to filing a § 1983 claim, he must at least comply with the Virginia state statute to determine his eligibility to work as a substance-abuse counselor. As the Fourth Circuit stated: "[t]he principles of federalism and comity counsel in favor of providing at least an opportunity for the processes provided for by Virginia's statute to address Doe's claims before intervening," *Va. Dep't of State Police*, 713 F.3d 753. Here, because Plaintiff has yet to secure a final decision about his eligibility, he lacks standing and his claims are not ripe for judicial adjudication.

## IV. CONCLUSION

Based on the foregoing analysis, the Court finds that Plaintiff lacks standing, and his claims are not ripe for review. Therefore, Defendant's Motion to Dismiss, Dkt. 13, is hereby **GRANTED** pursuant to Federal Rule of Civil Procedure 12(b)(1).

The Court sincerely hopes that Plaintiff does indeed seek and receive a pardon, and that he is able to return to his good and important work in his preferred profession as a substance-abuse counselor. The Court wishes Plaintiff all the best in this endeavor.

It is **SO ORDERED.**

January 18, 2022                                        Liam O'Grady
Alexandria, Virginia                                    United States District Judge

*Rudolph Carey III v. Nelson Smith*
No. 22-1908

# EXHIBIT 2

District Court Order Holding in Abeyance
Plaintiff's Motion for Reconsideration

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |  |
|---|---|---|
| RUDOLPH CAREY III, | ) | |
| *Plaintiff*, | ) | |
| v. | ) | |
| | ) | |
| ALISON LAND, IN HER OFFICIAL CAPACITY AS | ) | Civil Action No. 1:21-cv-01090 |
| COMMISSIONER OF THE VIRGINIA | ) | Hon. Liam O'Grady |
| DEPARTMENT OF BEHAVIORAL HEALTH AND | ) | |
| DEVELOPMENTAL SERVICES, | ) | |
| *Defendant*. | ) | |

Before the Court is a "Motion to Reconsider Dismissal and Amend Complaint" brought by Plaintiff Rudolph Carey, III. Dkt. 20. Defendant Alison Land, acting in her official capacity as Commissioner of Virginia Department of Behavioral Health and Developmental Services, has responded in opposition, Dkt. 22, and Plaintiff has replied in support, Dkt. 23.

Plaintiff previously brought a Complaint in this Court. Dkt. 1. He asserted a Fourteenth Amendment challenge to a Virginia statute that prevented people with convictions for any of more than 100 "barrier crimes" from working as substance-abuse counselors. Plaintiff alleged that there was no rational basis for the prohibition. Dkt. 1 at 2. He sought a judgment declaring Virginia's ban unconstitutional, enjoining its application, and allowing him the chance to resume work in his prior and preferred profession as a substance-abuse counselor. *Id.*

Upon the Defendant's Motion, Dkt. 13, the Court dismissed Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. 19. The Court noted that, although Plaintiff acknowledged that he could work in a direct care position as a substance-abuse counselor by obtaining a pardon and successfully completing a screening assessment, *see* Dkt. 1 at 8, there was no indication in his Complaint that Plaintiff had sought and been denied a pardon,

*see* Dkt. 14 at 10. The Court therefore held that Plaintiff lacked standing and that his claims were not ripe for review. Dkt. 19 at 6.

Plaintiff now brings the instant Motion to Reconsider Dismissal and Amend Complaint. Dkt. 20. In the Motion, among other things, Plaintiff requests leave to allege additional facts about the pardon process. *Id.* at 7-9. Plaintiff now explains that he in fact did petition the Governor of Virginia for a pardon in 2018, just after the Department forced him from his job. Although more than three years have passed, that petition for a pardon remains pending. *See id.* at 7-8.

Plaintiff's matter in this Court is inexorably tied to his pardon application with the Governor. Therefore, the Governor is directed to prioritize Rudolph Carey III's pardon application. The Court will hold its ruling on this matter in abeyance until the Governor rules on Plaintiff's pardon application.

As noted, Plaintiff's pardon application has been pending for more than three years. The Court previously stated that it sincerely hoped that Plaintiff is able to return to his good and important work in his preferred profession as a substance-abuse counselor, *see* Dkt. 19 at 6, and reiterates that hope here. The Court expects that the Governor will address this important matter promptly.

May 10, 2022
Alexandria, Virginia

_____
Liam O'Grady
United States District Judge

*Rudolph Carey III v. Nelson Smith*
No. 22-1908

# EXHIBIT 3

District Court Order Denying Plaintiff's Motion
for Reconsideration

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |
|---|---|
| RUDOLPH CAREY III, <br>       *Plaintiff*, <br> v. <br><br> ALISON LAND, IN HER OFFICIAL CAPACITY AS <br> COMMISSIONER OF THE VIRGINIA <br> DEPARTMENT OF BEHAVIORAL HEALTH AND <br> DEVELOPMENTAL SERVICES, <br>       *Defendant*. | Civil Action No. 1:21-cv-01090 <br> Hon. Liam O'Grady |

## **ORDER**

Before the Court is Plaintiff's Second Motion for a Hearing in the above-captioned action. Dkt. 28.

This Court previously granted Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1). The Court found that, because Plaintiff had yet to secure a final decision on his eligibility to work as a substance abuse counselor through the Virginia pardon process, Plaintiff did not have standing to bring this lawsuit and that his claims were not ripe. Dkt. 19. In so ruling, the Court relied upon *Doe v. Virginia Department of State Police*, 713 F.3d 745 (4th Cir. 2013).

Plaintiff brought a Motion for Reconsideration under Federal Rule of Civil Procedure 59(e). Dkt. 20. In that Motion, Plaintiff argued that his case was controlled not by *Doe*, but rather by *Hamilton v. Pallozzi*, 848 F.3d 614 (4th Cir. 2017). Plaintiff also stated in this Motion that he in fact did seek a pardon; a fact not discussed in his initial Complaint.

Finding that "Plaintiff's matter in this Court is inexorably tied to his pardon application with the Governor," the Court held the Motion for Reconsideration in abeyance until the Governor of Virginia ruled on Plaintiff's pardon application. Dkt. 24 at 2.

Plaintiff has since informed the Court that the Commonwealth of Virginia has advised Plaintiff that it will not be prioritizing Plaintiff's pardon application and cannot provide a definitive date by which his petition will be decided. *See* Dkt. 25. Because Plaintiff's pardon application has now been pending for more than three and a half years, and because the Commonwealth indicates that Plaintiff must continue to wait indefinitely, Plaintiff has requested that the Court no longer hold its ruling in abeyance pending Plaintiff's pardon application. *See* Dkt. 28 at 1-3.

The Court maintains that Plaintiff's standing in this case is governed by *Doe* rather than *Hamilton.* The Maryland statutes analyzed in *Hamilton* were an all-out ban for possession of a firearm for an individual with a disqualifying conviction. The Maryland Legislature had not created an exception to the prohibition to possess a firearm by expressly stating that the ban was not in effect if certain conditions were satisfied, such as obtaining a simple pardon. Here, by contrast, the barrier crime statute at issue contains an exception that would allow Plaintiff to be employed in a direct care position. *See* Dkt. 22 at 8-9.

For these reasons, the Court will no longer hold Plaintiff's Motion for Reconsideration in abeyance. Rather, the Motion for Reconsideration, Dkt. 20, is **DENIED**. Plaintiff's Second Motion for a Hearing, Dkt. 28, is **DENIED**.

It is **SO ORDERED.**


August \_\_\_\_, 2022                                    _____
Alexandria, Virginia                                   Liam O'Grady
                                                       United States District Judge

*Rudolph Carey III v. Nelson Smith*
No. 22-1908

# EXHIBIT 4

Order from Governor Glenn Youngkin
Granting Pardon to Rudolph Carey III



# COMMONWEALTH of VIRGINIA
## Executive Department

### TO ALL TO WHOM THESE PRESENTS SHALL COME --- GREETINGS:

**WHEREAS,** at a hearing held in and for the General District Court of the County of Henrico on March 22, 1994, **Rudolph Henry Carey, III,** was sentenced after being convicted of Larceny in violation of Virginia law (misdemeanor); and

**WHEREAS,** at a hearing held in and for the General District Court of the County of Hanover on July 21, 1998, **Rudolph Henry Carey, III,** was sentenced after being convicted of Larceny in violation of Virginia law (misdemeanor); and

**WHEREAS,** at a hearing held in and for the General District Court of the City of Richmond on April 13, 1999, **Rudolph Henry Carey, III,** was sentenced after being convicted of Possession of Alcohol in an Open Container in violation of Virginia law (misdemeanor); and

**WHEREAS,** at a hearing held in and for the General District Court of the County of King William on July 22, 1999, **Rudolph Henry Carey, III,** was sentenced after being convicted of Unauthorized Use of a Vehicle in violation of Virginia law (misdemeanor); and

**WHEREAS,** at a hearing held in and for the General District Court of the County of King William on July 22, 1999, **Rudolph Henry Carey, III,** was sentenced after being convicted of Drive after Being Declared a Habitual Offender in violation of Virginia law (misdemeanor); and

**WHEREAS,** at a hearing held in and for the Circuit Court of the County of Henrico on February 24, 2000, **Rudolph Henry Carey, III,** was sentenced after being convicted of Larceny – Third or Subsequent Offense in violation of Virginia law (felony); and

**WHEREAS,** at a hearing held in and for the Circuit Court of the County of Henrico on February 13, 2001, **Rudolph Henry Carey, III,** was sentenced after being convicted of Probation Violation in violation of Virginia law (felony); and

**WHEREAS,** at a hearing held in and for the General District Court of the County of King William on July 20, 2000, **Rudolph Henry Carey, III,** was sentenced after being convicted of Petit Larceny in violation of Virginia law (misdemeanor); and

**WHEREAS,** at a hearing held in and for the General District Court of the City of Richmond on November 15, 2000, **Rudolph Henry Carey, III,** was sentenced after being convicted of Operate a Motor Vehicle After Being Declared a Habitual Offender in violation of Virginia law (misdemeanor); and

**WHEREAS,** at a hearing held in and for the General District Court of the County of King William on March 22, 2001, **Rudolph Henry Carey, III,** was sentenced after being convicted of Probation Violation in violation of Virginia law (misdemeanor); and

**WHEREAS,** at a hearing held in and for the Circuit Court of the County of Henrico on October 16, 2002, **Rudolph Henry Carey, III,** was sentenced after being convicted of Grand Larceny in violation of Virginia law (felony); and

**WHEREAS,** at a hearing held in and for the Circuit Court of the County of Henrico on October 16, 2002, **Rudolph Henry Carey, III,** was sentenced after being convicted of Operate a Motor Vehicle After Being Declared a Habitual Offender 2nd or subsequent offense in violation of Virginia law (felony); and

**WHEREAS,** at a hearing held in and for the Circuit Court of the County of Henrico on October 16, 2002, **Rudolph Henry Carey, III,** was sentenced after being convicted of Possession of Marijuana violation of Virginia law (misdemeanor); and

**WHEREAS,** at a hearing held in and for the Circuit Court of the County of Stafford on September 16, 2004, **Rudolph Henry Carey, III,** was sentenced after being convicted of Operate a Motor Vehicle After Being Declared a Habitual Offender 2nd or subsequent offense violation of Virginia law (felony); and

**WHEREAS,** at a hearing held in and for the Circuit Court of the City of Fredericksburg on January 5, 2005, **Rudolph Henry Carey, III,** was sentenced after being convicted of Operate a Motor Vehicle After Being Declared a Habitual Offender violation of Virginia law (misdemeanor); and

**WHEREAS,** at a hearing held in and for the Circuit Court of the County of Henrico on September 9, 2004, **Rudolph Henry Carey, III,** was sentenced after being convicted of Revocation of Suspension Sentence (19.2-306 code of Virginia) violation of Virginia law (felony); and

**WHEREAS,** at a hearing held in and for the Circuit Court of the County of Henrico on September 9, 2004, **Rudolph Henry Carey, III,** was sentenced after being convicted of Revocation of Suspension Sentence (19.2-306 code of Virginia) violation of Virginia law (felony); and

**WHEREAS,** at a hearing held in and for the Circuit Court of the County of Stafford on September 16, 2004, **Rudolph Henry Carey, III,** was sentenced after being convicted of Failure to Appear on a Felony Charge violation of Virginia law (felony); and

**WHEREAS,** at a hearing held in and for the Circuit Court of the County of Henrico on December 14, 2004, **Rudolph Henry Carey, III,** was sentenced after being convicted of Assault and Battery of a Police Officer violation of Virginia law (felony); and

**WHEREAS,** at a hearing held in and for the Circuit Court of the County of Henrico on December 14, 2004, **Rudolph Henry Carey, III,** was sentenced after being convicted of Forgery of a Public Record violation of Virginia law (felony); and

**WHEREAS,** at a hearing held in and for the Circuit Court of the County of Henrico on December 14, 2004, **Rudolph Henry Carey, III,** was sentenced after being convicted of Operate a Motor Vehicle After Being Declared a Habitual Offender 2nd or subsequent offense violation of Virginia law (felony); and

**WHEREAS,** at a hearing held in and for the General District Court of the County of Henrico on October 6, 2004, **Rudolph Henry Carey, III,** was sentenced after being convicted of Obstructing Justice violation of Virginia law (misdemeanor); and

**WHEREAS,** all costs, fines, and other sentence obligations have been met and civil rights have been restored; and

**WHEREAS,** it appears that **Rudolph Henry Carey, III,** is a fit subject for clemency having provided evidence of a commendable adjustment and having received a favorable recommendation by the Virginia Parole Board;

**NOW, THEREFORE,** I, Glenn Youngkin, Governor of the Commonwealth of Virginia, by virtue of the authority vested in me, grant **Rudolph Henry Carey, III,** a Simple Pardon.

This action represents official forgiveness for the crimes committed but shall not represent expungement of the criminal record.



Given under my hand and under the Lesser Seal of the Commonwealth at Richmond, this 8th day of August in the year of Two Thousand and Twenty-Three, the 248th year of the Commonwealth.

_____
Governor of Virginia

_____
Secretary of the Commonwealth